IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01419-BNB

KIM YOOBANG,

    Applicant,

v.

JAMES FALK, Warden of the Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DRAWING CASE

I.   Background

    Applicant Kim Yoobang is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Yoobang, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on June 20, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

    Respondents filed a Pre-Answer Response on July 30, 2012, and Mr. Yoobang filed a Reply on August 16, 2012.

    Mr. Yoobang was convicted by a jury of attempted first and second degree assault, child abuse resulting in serious bodily injury, and two counts crime of violence. *See* Pre-Answer Resp., ECF No. 12-1 at 3-6. On November 4, 2004, Mr. Yoobang

was sentenced to a total of seventy years.  *Id.* at 4.  The Colorado Court of Appeals (CCA) affirmed the convictions, *People v. Kim*, No. 04CA2508 (Colo. App. June 25, 2009) (not published), and the Colorado Supreme Court denied certiorari review on March 15, 2010, Pre-Answer Resp. at ECF No. 12-6.

Mr. Yoobang then filed a Colo. R. Crim. P. 35(b) postconviction motion on July 2, 2010 that was denied; he not appeal the denial.  ECF No. 12-1 at 11.  On June 13, 2011, Mr. Yoobang file a Colo. R. Crim. P. 35(c) postconviction motion that was denied; the CCA affirmed the denial and Mr. Yoobang did not seek certiorari review.  *See Id.* at 9-10.  Respondents concede the action is timely under 28 U.S.C. § 2244(d).

Mr. Yoobang asserts three claims.  First, he claims that he was denied substitute counsel in violation of his Sixth Amendment rights.  Second, he asserts that he did not knowingly, intelligently, and voluntarily waive his right to counsel in violation of his Sixth and Fourteenth Amendment rights. Third, he claims that he was denied his right to revoke his waiver of counsel in violation of his due process rights. Respondents   concede that Claims One and Two are exhausted but argue Claim Three is procedurally defaulted.

II. Analysis

The Court must construe liberally the Application and all other pleadings because Mr. Yoobang is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will order the Application drawn to a district judge and magistrate judge.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Yoobang did not raise Claim Three as a federal

constitutional claim in state court.   Respondents concede that in Mr. Yoobang's direct appeal the CCA found "defendant *suggests* that because he clearly    requested representation as trial approached, he effectively revoked his waiver of counsel and consequently the trial court was required to supply him with an attorney,"   Pre-Answer Resp., ECF No. 12 at 9.   However, Respondents contend that this argument does not explicitly appear in Applicant's direct appeal brief and the CCA did not apply a federal due process analysis.   *Id.*   Respondents, therefore, conclude that Mr. Yoobang did not  exhaust this claim and the claim now is anticipatorily defaulted.   *Id.* at 10.

Relying on *Sandgathe v. Maass*, 314 F.3d 376-77 (9th Cir. 2000), as did Respondents, if an inadequately pled federal claim is presented to the state court and the court nevertheless adjudicates the claim on the merits, the claim is exhausted.   A review of the CCA's opinion in Mr. Yoobang's direct appeal reveals that the CCA addressed the revocation of waiver issued based on *People v. Price*, 903 P.2d 1190, 1192 (Colo. App. 1995).   The question is whether the CCA's decision was based only on state law, as suggested by Respondents, or on federal constitutional law.

The CCA, relying on *Price*, 903 P.2d at 1192, reasoned that unlike other jurisdictions there is no statute or rule in Colorado that allows criminal defendants to withdraw a waiver of counsel at any time and consequently the trial court is not required to withdraw a waiver but "may" exercise its discretion in evaluating the circumstances surrounding the request,

The court in *Price* acknowledged a defendant's Sixth Amendment right to counsel and in the alternative the right to self-representation.   *Id.*   *Price* reads specifically as follows:   "a trial court is not compelled to grant a criminal defendant's

request to withdraw a valid waiver of the right to counsel, but **must** exercise its discretion in evaluating the circumstances surrounding the request." *Id.* (emphasis added). *Price* also finds that the "trial court must carefully monitor the proceedings in order to guarantee the fundamental fairness necessary to preserve a defendant's right to due process." *Id.* (citing *People v. Romero*, 694 P.2d 1256 (Colo. 1985)).

Given the CCA's reliance on *Price* and the findings in *Price*, an argument can be made that the CCA's decision regarding the revocation of Mr. Yoobang's waiver of the right to counsel was based on federal constitutional rights.   At the least, Claim Three may be considered a subpart to Claim Two in support of the invalid waiver of counsel claim.   For the above stated reasons, the Court, at this time, will not dismiss Claim Three as procedurally defaulted.

III. Conclusion

Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.   *See* D.C.COLO.LCivR 8.2D.

DATED at Denver, Colorado, on August 24, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge